### PERBOS v. BARRELLI et al.
### No. 1451.

Court of Appeal of Louisiana. First Circuit.
March 4, 1935.

P. M. Milner, of New Orleans, for appellants.

Victor E. Plauche and B. M. Miller, both of Covington, for appellee.

ELLIOTT, Judge.

Catherine Perbos, wife of Albert Perbos, brought suit against Percy S. Barrelli and Maryland Casualty Company, the object of which was to recover of them the sum of $3,-800 as damages due to injuries by her received while walking through a building which the said Barrelli was constructing for her husband. She alleges that she stepped on some subflooring which the said Barrelli or his employees had negligently left in position to deceive her as to its safety, and she fell and was injured to the extent stated.

Albert Perbos brought suit against same parties as his wife to recover $362 as expenses he alleges he was compelled to pay on account of his wife's injuries.

Maryland Casualty Company is alleged in both suits to be the carrier of Barrelli's liability insurance and is made party defendant on that account.

Barrelli and Maryland Casualty Company each denied in both suits the fault and negligence alleged against him, and alleged that the plaintiff was herself at fault and negligent. They allege alternatively that, if it be found that Barrelli, defendant, was at fault and negligent, the plaintiff was also negligent and cannot recover on account of her contributory negligence causing the injury which she sustained.

Mrs. Perbos recovered judgment against Barrelli and Maryland Casualty Company in solido for $1,000, and expert fee of $25 was taxed against defendants in favor of one of the physicians called in the case.

Albert Perbos recovered judgment against Barrelli and Maryland Casualty Company for $134.

Percy S. Barrelli and Maryland Casualty Company both have appealed.

■ Mrs. Perbos was injured while walking through a house which Percy S. Barrelli, as contractor, was constructing for her husband on a lot of ground situated in the town of Covington. The lot belongs to the legal community of acquets and gains which exists between Mr. and Mrs. Perbos. Percy S. Barrelli, contractor for the construction of the house, had sublet the plumbing work to Clifford Millaudon. The house was in course of construction, and had not progressed further than the foundation, laying of sills and floor joists. The walls had been weatherboarded up from the outside, and the place for the bathroom had been marked out; but the floor had not been laid and the roof had not been put on. In the matter of flooring, the house was to have a subfloor laid diagonally across the joists; then the main floor was to be laid horizontally across the subfloor.

For the purpose of this suit, we will look on Mrs. Perbos as having the right of an owner to go into the house while in course of construction for the purpose of looking over the work as it progressed, to see that it was done in conformity with the contract, but she was not an invitee. Neither Barrelli nor anybody else had invited her to enter the house. The subflooring had not been laid, except about 5 or 6 feet in width next to the back door. The balance of the subflooring material consisting of loose plank, some of it in piles and bundles, had been thrown across the floor joists and scattered all about over the floor so as to be handy for the workmen who were soon to engage in the work of nailing it down. A space of 5 or 6 feet of subflooring next to the back door had been nailed down, but a rain was threatened, and the men were ordered up on the roof to spread roofing material so as to prevent water coming down inside the house. No steps had been constructed for the purpose of entering the house.

It was not known that Mrs. Perbos was in the house until she was seen standing in the back door. She got into the open doorway by walking up a plank which led into it. She then looked across the building and saw Mr. Millaudon, the plumber, and called out to him, asking where he was going to put the bathtub. Mr. Millaudon, looking in her direction, saw her and answered, saying, "Wait until I get the plans." We have already stated that Mr. Millaudon was the subcontractor under Barrelli as to the plumbing, but, whether Mr. Millaudon should be regarded as independent contractor or an agent of the contractor, the evidence does not enable us to say. But Millaudon's reply was in effect an admonition to remain where she was, until he got the plans. After saying to her, "Wait until I get the plans," Millaudon turned to pick up the plans,

but Mrs. Perbos kept walking toward him; she passed over the 5 or 6 feet width of subflooring that had been nailed down, continuing the balance of her way over scattered planks of subflooring that had not been nailed nor laid in position to be nailed, distributed about loose over the floor surface across the joists. Mrs. Perbos says that she walked about 20 feet from the door, consequently she must have walked at least 10 or 12 feet over loose plank before she fell. The particular plank on which Mrs. Perbos was walking at the time she fell was only 8 or 10 inches wide, and when she stepped on it one end was not resting on the joist, consequently it went down, precipitating her to the ground, and she was injured in the fall.

Now the question is, Had Mrs. Perbos the right to enter on this loose flooring which was dangerous and risky for men experienced in carpenter work, much more so for ladies not accustomed to walking in such a place? It is evident from the testimony that walking over this subflooring was an apparent, obvious danger, peril, and risk which Mrs. Perbos was bound to have seen, recognized, and voluntarily assumed when she, without being invited to do so, commenced to use these loose planks as a foot passage. She testifies that she never stopped after she started and kept walking toward Mr. Millaudon until she fell.

Mrs. Perbos testifies that, when she reached the back door and saw Mr. Millaudon, he was talking to Mr. Barrelli. Both Millaudon and Barrelli claim that she was mistaken. Mr. Millaudon says that Mr. Barrelli was not present when she called to him. Mr. Barrelli says he was not with Mr. Millaudon at the time, did not hear her call Millaudon, did not hear what Millaudon said to her, did not know she was in the house, and was not aware that she had fallen and been hurt until he heard the commotion resulting from her fall. For such an act as the evidence shows, she has no right to pass the responsibility for her fault and negligence to the contractor, who was in no way responsible for what happened.

The judgment appealed from is manifestly erroneous. For these reasons the judgment appealed from is annulled, avoided, and set aside, and it is now ordered, adjudged, and decreed that the demand of the plaintiff Mrs. Catherine Perbos against the defendant Percy S. Barrelli and Maryland Casualty Company be refused and rejected at her cost.

It is further ordered that the plaintiff and appellant pay the cost in both courts.

MOUTON, J., not particiating.